IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

Criminal Case No. 4:97-cr-0141-ERW
(Related Civil Case No. 4:07-cv-0027-ERW)

_____

UNITED STATES OF AMERICA,

Respondent,

v.

BILLIE JEROME ALLEN,

Petitioner-Movant.

_____

**SECOND MOTION FOR POST-CONVICTION RELIEF UNDER 28 U.S.C. § 2255**
_____

**CAPITAL CASE**

Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
  for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Petitioner Billie Jerome Allen

June 24, 2016

**TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT ..................................................................................1

STATUTES INVOLVED ..................................................................................................1

PROCEDURAL HISTORY................................................................................................2

STATEMENT OF FACTS .................................................................................................3

CLAIM FOR RELIEF .......................................................................................................4

PRAYER FOR RELIEF ....................................................................................................6

Petitioner-Movant Billie Jerome Allen, a death-sentenced federal prisoner, respectfully submits this protective second motion for post-conviction relief under 28 U.S.C. § 2255 asking this Court to vacate his capital conviction and death sentence.

## JURISDICTIONAL STATEMENT

Upon the Eighth Circuit's approval of Petitioner's pending Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255(h), this Court will have jurisdiction under 28 U.S.C. §§ 2244 and 2255.

## STATUTES INVOLVED

**18 U.S.C. § 2113**

**Section 2113(a)**, in pertinent part, provides:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank credit union, or any savings and loan association . . . shall be [punished in accordance with this statute].

**Section 2113(e)**, in pertinent part, provides:

Whoever, in committing any offense defined in this section . . . kills any person, or forces any person to accompany him without the consent of such person . . . if death results shall be punished by death or life imprisonment.

**18 U.S.C. § 924**

**Section 924(c)(1)(A)**, in pertinent part, provides:

[A] person who, during and in relation to a crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence [be punished in accordance with this statute].

**Section 924(c)(3)** defines "crime of violence" as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and –

1

>  (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>  (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

**Section 924(j)**, in pertinent part, provides:

> Any person who, in the course of violation of subsection (c), causes the death of a person through the use of a firearm, shall –
>
>  (1) If the killing is murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life[.]

## PROCEDURAL HISTORY

In 1998, Mr. Allen was convicted of two counts in connection with the same bank robbery and murder: Count 1 under 18 U.S.C. § 2113(a) & (e) (armed robbery in which a killing occurs) and Count 2 under 18 U.S.C. § 924(c) & (j) (carrying or using a firearm during a crime of violence in which a murder occurs). Mr. Allen was sentenced to life imprisonment without the possibility of parole on Count 1, the armed robbery count, and to death on Count 2, the crime of violence count.

The Eighth Circuit affirmed. *United States v. Allen*, 247 F.3d 741 (2001). The Supreme Court granted certiorari and remanded in light of *Ring v. Arizona*, 536 U.S. 584 (2002). *Allen v. United States*, 536 U.S. 953 (2002). On remand, a panel of the Eight Circuit vacated Mr. Allen's death sentence. *United States v. Allen*, 357 F.3d 745 (8th Cir. 2004). The *en banc* Eighth Circuit subsequently reversed and reinstated the death sentence. *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005), *cert. denied Allen v. United States*, 127 S. Ct. 826 (2006).

2

On January 8, 2007, Mr. Allen filed a § 2255 petition, as later amended and supplemented, in this Court. E.D. Mo. Case No. 07-CV-0027. The Court denied the petition and denied a certificate of appealability on June 25, 2014. *Allen v. United States*, 2014 WL 2882495.

On May 18, 2015, the Eighth Circuit granted a certificate of appealability on one issue: whether Mr. Allen's right to effective assistance of counsel was violated where his trial counsel failed to object to the empaneling of an anonymous jury. 8th Cir. Case No. 14-3495, Doc. 383. That appeal was argued and submitted in January 2016, and remains pending in the Eighth Circuit.

On April 25, 2016, Mr. Allen submitted and served, and on May 4, 2016, the Eighth Circuit docketed an Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255(h). 8th Cir. Case No. 16-2094. The application argues that, after *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), the crime of violence under 18 U.S.C. § 924(c), for which Mr. Allen was capitally convicted in Count 2, is unconstitutionally vague, and requests permission to file a second § 2255 petition in the District Court for the Eastern District of Missouri.

On May 16, 2016, the government submitted a response in opposition to the application. On May 23, 2016, Mr. Allen filed a reply.

The Eighth Circuit has not ruled on the pending application.

June 26, 2016, will mark the one-year anniversary of *Johnson*. The instant § 2255 motion is being filed protectively before the limitations period expires in order to protect Petitioner's rights in the event the Eighth Circuit grants the pending application.

## STATEMENT OF RELEVANT FACTS

In 1998 in the Eastern District of Missouri, in connection with the same bank robbery and murder, Mr. Allen was convicted of, and sentenced to death for, violating 18 U.S.C. § 924(c) &

3

(j) (Count 2).[1]  In deciding whether Mr. Allen had committed a crime of violence under § 924(c), the jury was "instructed that the crime of bank robbery in which a killing occurs as charged in Count I is a crime of violence." E.D. Mo. Case No. 97-CR-141, Doc. 309, Instruction No. 19.

On June 26, 2015, in *Johnson v. United States*, 135 S. Ct. 2551, the Supreme Court announced a new rule of constitutional law.  On April 18, 2016, in *Welch v. United States*, 136 S. Ct. 1257, the Supreme Court held that *Johnson* was retroactive to cases on collateral review.

In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague because, *inter alia*, its definition of a violent felony "required courts to assess the hypothetical risk posed by an abstract generic version of the [underlying] offense." *Welch*, 136 S. Ct. at 1262.  While leaving undisturbed the "many laws that 'require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*,'" *id*. (quoting *Johnson*, 135 S. Ct. at 2561 (emphasis in *Johnson*)), the Court struck down as constitutionally infirm the "ordinary case" analysis that required courts to envision conduct that a crime involves and to "judge whether that abstraction presents a serious risk of potential injury." *Johnson*, 135 S. Ct. at 2557.

## CLAIM FOR RELIEF

### PETITIONER'S CRIME OF VIOLENCE CONVICTION AND DEATH SENTENCE VIOLATE DUE PROCESS

Mr. Allen was convicted and sentenced to death for using a firearm during a federal "crime of violence" under 18 U.S.C. § 924(c) & (j).  To qualify as a crime of violence, the underlying § 2113 bank robbery must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause."  Mr. Allen's capital conviction cannot be upheld under §

---

[1] Mr. Allen was also convicted of bank robbery in which a killing occurs, a violation of 18 U.S.C. § 2113(a) & (e) (Count 1), for the same murder, for which he was sentenced to life imprisonment without the possibility of parole.  That conviction is not at issue in this proceeding.

4

5

924(c)(3)(A)'s force clause because, *inter alia*, § 2113 bank robbery lacks the scienter and violent force elements that § 924(c)(3)(A) requires.

After *Johnson*, Mr. Allen's capital conviction likewise cannot be upheld under § 924(c)(3)(B) because, *inter alia*, that clause's definition of a crime of violence requires the same "ordinary case" analysis that the Supreme Court has now deemed unconstitutional. The plain language of § 924(c)(3)(B) is similar to that of the ACCA residual clause struck down in *Johnson*, and this Court and courts nationwide have long recognized that the provisions are analogous.

Mr. Allen's crime of violence conviction is void for vagueness and violates due process.

Because Mr. Allen is under sentence of death based solely on an unconstitutional conviction, his death sentence violates due process.

**PRAYER FOR RELIEF**

Petitioner respectfully requests that the Court:

- Permit Petitioner to file a memorandum of law in support of this motion;

- Direct the government to file an answer;

- Hold oral argument and such other proceedings as the Court deems appropriate;

- Vacate Petitioner's crime of violence conviction (Count 2);

- Vacate Petitioner's sentence of death; and

- Grant such other relief as is proper.


Respectfully Submitted,


/s/ Timothy Kane_____
Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
 for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Timothy_Kane@fd.org
Eric_Montroy@fd.org

Dated:  June 24, 2016

**Certificate of Service**

I, Timothy Kane, hereby certify that on this 24th day of June, 2016, I submitted the foregoing Second Motion for Post-Conviction Relief Under 28 U.S.C. § 2255 with electronic service to:

Carrie Constantin
First Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

/s/ Timothy Kane
Timothy Kane